IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATHAN VARBLE                                                                                    PETITIONER

V.                              Case No. 5:25-cv-05187-TLB

DEXTER PAYNE, Director,
Arkansas Division of Correction;
THOMAS HURST, Warden, North Central
Unit; TIM GRIFFIN, ARKANSAS
ATTORNEY GENERAL                                                                          RESPONDENTS

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

The matter before the Court is a § 2254 Petition for Writ of Habeas Corpus filed by Nathan Varble ("Petitioner") on September 8, 2025. (ECF No. 1). Petitioner seeks to vacate his April 11, 2023, state court convictions on two (2) counts of rape and fifteen (15) counts of distributing, possessing or viewing matter depicting explicit conduct involving a child in case 44CR20-100 in Madison County Circuit Court, alleging, *inter alia*, (1) ineffective assistance of counsel, (2) police and prosecutorial misconduct, (3) newly discovered evidence, and (4) relatedly, innocence. (ECF No. 1). The State of Arkansas responds that Petitioner's habeas claims must be dismissed as untimely, procedurally defaulted and without merit. (ECF No. 11).

Chief U.S. District Court Judge Timothy L. Brooks referred this matter to the undersigned for Report and Recommendation pursuant to Rule 72.1(VIII)(B) of the Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas.

**I.  Petition for Habeas Corpus**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the

1

United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005).

### A.  In Custody Requirement

For a federal court to possess jurisdiction over a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States").  In *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490–91.

It is undisputed that Petitioner is in the custody of the State of Arkansas, serving a sentence of 300 months' imprisonment with 180 months suspended which was imposed by Circuit Judge Mark Lindsay on April 11, 2023. (ECF No. 11-3); https://caseinfo.arcourts.gov/opad/case/44CR-20-100. (February 11, 2026).  This requirement is satisfied.

### B.  Timeliness

A one-year period of limitation applies to petitions brought under 28 U.S.C. § 2254. This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the

constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no indication that Petitioner pursued a direct appeal in state court.[1] Judge Lindsay entered his Judgment and Sentencing order on April 11, 2023, and the Judgment became final on Thursday, May 11, 2023. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that judgment deemed final thirty days from entry of judgment for Arkansas defendant who entered unconditional guilty plea and did not appeal); *see also* Ark. R. App. P. Crim. 2(a)(1) (providing that notice of appeal must be filed within thirty days from entry of a judgment or uniform sentencing order). The one-year, AEDPA statute of limitations started running on the next day, Friday, May 12, 2023.[2]

The AEDPA statute ran for 54 days until July 5, 2023, when Petitioner timely filed a Motion for Relief pursuant to Arkansas' Criminal Rule 37. https://caseinfo.arcourts.gov/opad/case/44CR-20-100. (February 10, 2026). The AEDPA limitation period is tolled "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[1] In Arkansas, there is no right to appeal from an unconditional guilty plea, but a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369, 370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere."). The Arkansas Supreme Court has identified two exceptions: "(1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself." *Hewitt,* 362 Ark. at 371 (citations omitted).

[2] *King v. Hobbs,* 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

claim is pending ...." 28 U.S.C. § 2244(d)(2). The State sought discovery with respect to Petitioner's claims of newly discovered evidence, and responded to Petitioner's Rule 37 Motion for Relief. Judge Lindsay thereafter denied Petitioner's Motion in a written opinion dated August 1, 2023, but the petition remained pending for AEDPA tolling purposes during the period that Petitioner could have, but did not, appeal Judge Lindsay's denial of postconviction relief.[3] In Arkansas, a notice of appeal must be filed within thirty days from entry of an order denying a petition for a reduced sentence. Ark. R. App. P. Crim. 2(a)(4).

On August 30, 2023 – in the absence of any appeal by Petitioner – the limitations period commenced and ran continuously until expiration on Monday, July 8, 2024.[4] Thus, absent equitable tolling, Petitioner's § 2254 action filed on September 8, 2025, is time barred.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been pursuing his rights diligently, but (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson v. Hobbs,* 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a

---

[3] In *Streu v. Dormire,* 557 F.3d 960, 966 (8th Cir. 2009), the Eighth Circuit reaffirmed the holding in *Williams v. Bruton,* 299 F.3d 981 (8th Cir. 2002), that an application for postconviction relief remains "pending" for AEDPA tolling purposes during the time for appeal, even if the petitioner does not appeal.

[4] Petitioner filed a second Rule 37 Motion for Modification or Vacature of Sentence on July 10, 2025; on January 20, 2026, Petitioner filed a supplement to the Motion. This Motion remains pending in state court as of the date of this Report and Recommendation. Petitioner's 2025 Rule 37 Motion has no effect on the timeliness consideration of Petitioner's current § 2254 Motion as postconviction petitions filed after the AEDPA's limitations period runs out cannot toll the already-expired one-year limitations period. *Curtiss v. Mt. Pleasant Correctional Facility,* 338 F.3d 851, 854 (8th Cir. 2003).

petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (holding that a pro se petitioner's misunderstanding of Arkansas rules and statutes do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[,]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland,* 560 U.S. at 653 (cleaned up).

Here, Petitioner neither alleges he has been diligently pursuing his rights nor alleges some extraordinary circumstance precluded his timely filing of the § 2254 Petition. *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016). In fact, Petitioner says only that he is "just now finding out about [his] options;" as Petitioner failed to respond to the State's arguments regarding timeliness, this single statement comprises the entire record on the issue. No known circumstance – extraordinary or otherwise – prevented Petitioner's filing prior to expiration of the limitations period on July 8, 2024, and Petitioner's pro se status, lack of knowledge about procedural rules, or "inability to navigate the complexities of legal procedures" is insufficient under *Holland, supra. See Badger v. Payne,* 2025 WL 1140163 (E.D. Arkansas, March 21, 2025).

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." As the undersigned finds no basis for application of equitable tolling and the Petition plainly appears untimely, it is recommended that the § 2254 Petition be dismissed.

## C. Actual Innocence

The undersigned considers Petitioner's allegation of innocence despite his seventeen (17) guilty pleas. (ECF No. 1).

Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare and to open the gate, Petitioner must satisfy a demanding, two-part test: "First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Amrine*, 238 F.3d at 1029 (quoting *Schlup*, 513 U.S. at 327). In *Schlup v. Delo,* 513 U.S. 298 (1995), the Supreme Court enumerated three categories of evidence that meet the actual-innocence reliability requirement: "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. When assessing the impact of new evidence, a court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell,* 547 U.S. 518, 538 (2006) (cleaned up).

These allegations of "innocence" were presented in Petitioner's Rule 37 Petition for Post Conviction Relief filed in Washington County Circuit Court on July 5, 2023; Petitioner's counsel alleged that after Petitioner pled guilty on April 11, 2023, counsel received screen shots of text messages from one of the alleged victims which are described as exculpatory. These materials are provided at ECF No. 1, pp. 25-26 with Petitioner now describing them as text communications provided to his family members

which, in turn, purport to be communications between one or more alleged victims and others which substantiate fabrication of the rape allegations against Petitioner at the direction of a victim's parent who, in turn and according to Petitioner, was conspiring with police. Petitioner also describes – without any particularity – that his mother discovered an ex-girlfriend's tablet hidden in an air conditioning vent which, if forensically examined, may contain "digital evidence" of "efforts to plant illegal material on [Petitioner's] devices."

Even if the text messages could be properly consider recantation, "[r]ecantation testimony is properly viewed with great suspicion." *Dobbert v. Wainwright,* 468 U.S. 1231, 1233–34 (1984) (Brennan, J., dissenting from denial of certiorari). "It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." *Id.* Nevertheless, "[r]ecanted testimony ... is grounds for relief from a conviction when it either bears on a witness's credibility or directly on the defendant's guilt." *See Lewis v. Erickson*, 946 F.2d 1361, 1362 (8th Cir. 1991).

The undersigned is provided no evidence from which to make any finding with respect to the authenticity, reliability or trustworthiness of these messages (or that they were generated by any alleged victim of Petitioner) and thus, cannot conclude "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See Schlup*, 513 U.S. at 327. Because Petitioner pled guilty, there is no trial transcript or trial evidence to evaluate. Importantly, Petitioner does not describe how these victim(s) would actually testify if there was a trial, and thus, has not presented new reliable evidence that he is actually innocent of the two (2) rape charges to which he pled guilty. *Weeks v. Bowersox,* 119 F.3d 1342, 1352 (8th Cir. 1997). It is also undisputed that fifteen (15) of Petitioner's

seventeen (17) guilty plea verdicts were for distributing, possessing or viewing matter depicting explicit conduct involving a child for which Petitioner was sentenced to 120 months' imprisonment. This "new" evidence would have no bearing on those charges. For these reasons, the undersigned does not believe Petitioner has presented a "rare" actual innocence claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

### D. Procedural Default

Even if timely, Petitioner's remaining § 2254 claims are procedurally barred.

In order to preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Procedural default thus occurs when "a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Said another way, before filing a federal habeas petition, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir.1996)).

When Judge Lindsay denied Petitioner's Rule 37 Motion, he found that Petitioner's guilty pleas were "entered voluntarily and intelligently, and with the assistance of counsel," waiving "any other possible defenses, except jurisdictional defects." https://caseinfo.arcourts.gov/opad/case/44CR-20-100 (February 11, 2026). Judge Lindsay's written opinion pointed out that Petitioner's claim "that newly

discovered evidence demonstrates his actual innocence is a direct attack on the judgment that amounts to a challenge to the sufficiency of the evidence that is not cognizable under Rule 37," citing *Thompson v. State,* 2013 Ark. 179. Judge Lindsay's (never appealed) opinion is a state court ruling on issues of state law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

Petitioner did not appeal Judge Lindsay's denial of Rule 37 post-conviction relief, saying now that his "attorney did not advise [him] that [he] had this option." (ECF No. 1, p. 6). Under Arkansas law, to exhaust his state court remedies, Petitioner was required to raise his ineffective assistance of trial counsel claim in a timely petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. *Nelson v. State,* 2014 Ark. 91, 6 (2014) (holding that an ineffective assistance of counsel claim couched in terms of a coerced guilty plea must be pursued in a timely Rule 37 petition). Petitioner's failure to file a timely Rule 37 petition rendered his ineffective assistance claim procedurally defaulted, and a state remedy is no longer available.

Absent a showing of cause and prejudice to excuse the procedural default (or actual innocence which is rejected herein), Petitioner's ineffective assistance of counsel claim is barred from federal habeas review. To establish prejudice sufficient to excuse procedural default, Petitioner must show that "the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Specifically, Petitioner must show a reasonable probability that but for the denial of effective counsel, he would not have been convicted of the crimes to which he pled guilty. *Ivy v. Caspari,* 173 F.3d 1136, 1141 (8th Cir. 1999) (applying prejudice prong to case involving ineffective assistance of counsel claim and guilty plea); *O'Rourke v. Endell*, 153 F.3d 560, 570 (8th Cir. 1998) (requiring the defendant to show a "reasonable

probability" that the outcome "would have been different" to establish actual prejudice). Petitioner has not chinned the bar by illustrating either cause or any prejudice.

Relatedly, Petitioner presents no facts suggesting that he was not guilty of the crimes to which he voluntarily pled guilty and has presented nothing supporting his claim that counsel "coerced" him into pleading guilty. And the record before the Court is inapposite. On April 11, 2023, Petitioner appeared before Circuit Judge Mark Lindsay via Zoom, and entered seventeen (17) negotiated guilty pleas on two (2) counts of rape in violation of Ark. Code Ann. § 5-14-103 and fifteen (15) counts of distributing, possessing or viewing matter depicting sexually explicit conduct involving a child in violation of Ark. Code Ann. § 5-27-602. As reflected in Judge Lindsay's Plea Questionnaire, the Circuit Court found Petitioner understood the nature of the charges against him as well as the minimum and maximum (i.e., life) sentences; that Petitioner knew he was waiving his right to appeal his guilty plea; that he knew he was waiving his right to a jury trial and his right to remain silent; that he was waiving any right to object to any errors in the proceeding; that he was making a voluntary plea and had enough time to discuss his change of plea with his legal counsel; and that he understood the current recommendation of the state prosecutor: that Petitioner should receive a sentence of incarceration for 300 months on the charges with 180 months suspended. https://caseinfo.arcourts.gov/opad/case/44CR-20-100. (February 11, 2026). Petitioner also acknowledged that he and his counsel had been discussing the possible plea for a week; that he had no complaints about his counsel; and that he had furnished his counsel with the names and addresses of all persons who could testify on his behalf. *Id.*

Petitioner's answers to the Plea Questionnaire support Judge Lindsay's finding that Petitioner's plea was voluntary and intelligent and reached with the assistance of counsel; a state court's findings are entitled to a presumption of correctness and should not be attacked in a federal habeas case. *Pittman v.*

*Black,* 764 F.2d 545, 546 (8th Cir.), *cert denied,* 474 U.S. 982 (1985).  This court's role is merely to determine if the state court's findings have fair support in the record, *Amos v. Minnesota,* 849 F.2d 1070, 1072 (8th Cir.), *cert. denied*, 488 U.S. 861 (1988), and with respect to Petitioner's guilty plea, the undersigned believes they do.

Petitioner's new self-serving allegation that he was "coerced" into pleading guilty by his counsel is conclusory and rings hollow when compared to the record of his plea hearing.  Petitioner infers that he was threatened with the possibility of life in prison; however, the plea record reflects that Petitioner did, in fact, face a sentence of life in prison if convicted at trial on the charges. https://caseinfo.arcourts.gov/opad/case/44CR-20-100 (February 11, 2026).  Counsel had a duty to inform Petitioner of the law applicable to the his case, including the statutory penalties, so that Petitioner can evaluate a plea offer.  *See Hill v. Lockhart* , 474 U.S. 52, 62 (1985) (White, J., concurring) (recognizing counsel's duty to inform a criminal defendant of relevant law). Counsel had an obligation to advise Petitioner that he faced a maximum penalty of life in prison if he was convicted a trial.  A guilty plea is constitutionally valid if given voluntarily, knowingly, and intelligently, and "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748, (1970)).  Here, Petitioner alleges no facts indicative that his counsel forced him to plead guilty or that his counsel was ineffective with respect to advice about the maximum penalties Petitioner faced.

Moreover, Arkansas law requires that any challenge to the validity of a guilty plea be raised in a Rule 37 petition. *Graham v. State,* 358 Ark. 296 (2004) (noting that any challenge to a guilty plea is properly raised under Ark. R. Crim. P. 37); *see also Taylor v. State*, 324 Ark. 532, 533 (1996) (noting that claim for postconviction relief by defendant who pleaded guilty should have been brought pursuant to

Ark. R. Crim 37 and that "Rule 37.2(b) provides ... that all grounds for postconviction relief ... must be raised in a petition under Rule 37").  Petitioner's failure to raise this claim in the state court means it is procedurally defaulted.

It is similarly well-established that a defendant who entersا guilty plea waives all non-jurisdictional defenses.  *Hoes v. Gwin,* 2024 WL 5250581 (W.D. Arkansas, Dec. 5, 2024), citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (guilty pleas in the *Brady* trilogy were found to foreclose direct inquiry into the merits of claimed antecedent constitutional violations); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction"), *cert. denied,* 493 U.S. 869 (1989).  As the Supreme Court explained in *Tollett,* 411 U.S. at 267, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of a guilty plea." Said another way, "[Respondent's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).  None of Petitioner's arguments are jurisdictional, and thus, are all waived by Petitioner's voluntary and intelligent guilty plea. *Becker v. Nebraska*, 435 F.2d 157 (8th Cir.1970), *cert. denied,* 402 U.S. 981 (1971) ("A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects").

### E.  Conclusion

Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa,* 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.' " *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102-03 (2011)). Otherwise, "[i]t is not the province of a federal habeas court to reexamine state court determinations on questions of state law." *Keller v. Pringle*, 867 F.3d 1072, 1076 (8th Cir. 2017). This standard is difficult to meet and Petitioner has not satisfied it. For these reasons outlined above, it is recommended that Petitioner's Amended § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**.

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 12th day of February 2026.

*Christy Comstock*
_____
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE