**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**NATHAN VARBLE**                                                                          **PETITIONER**

**V.**                                                  **CASE NO. 5:25-CV-5187**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction;**
**THOMAS HURST, Warden, North Central Unit;**
**TIM GRIFFIN, Arkansas Attorney General**                              **RESPONDENTS**

## ORDER

On February 12, 2026, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, filed a Report and Recommendation ("R&R") (Doc. 12) explaining why Nathan Varble's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 should be dismissed. No objections to the R&R were filed, and the Court entered an Order (Doc. 13) on March 6, 2026, adopting the R&R in its entirety. Thereafter, on July 29, 2026, Mr. Varble filed a Motion claiming he never received a copy of the R&R and requesting that the Order adopting the R&R be vacated and the objections period reinstated. *See* Doc. 14. The Court granted Mr. Varble's request, *see* Doc. 15, and set a new deadline to file objections. Mr. Varble timely filed objections to the R&R on August 11, 2026. *See* Doc. 17. The Court has now reviewed the case *de novo* in light of these objections.

On April 11, 2023, Mr. Varble pleaded guilty and was sentenced in Madison County Circuit Court on two counts of rape (involving an eleven-year old victim and a ten-year-old victim) and fifteen counts of distributing, possessing, or viewing sexually explicit

conduct involving a child.    He was sentenced to an aggregate 300 months of imprisonment. There was no direct appeal.

A one-year statute of limitations applies to § 2254 petitions. The R&R explains why Mr. Varble's § 2254 petition was untimely:

- The limitations accrual date commenced on May 12, 2023, when the state-court judgment became final.

- The limitations clock was paused for fifty-six days (July 5, 2023, through August 30, 2023) while Mr. Varble sought Rule 37 collateral relief in state court.

- The limitations period expired on Monday, July 8, 2024 (i.e.one year and fifty-six days after the May 12, 2023, accrual date).

- Mr. Varble filed his § 2254 petition on September 8, 2025—one year and sixty-two days too late.

Mr. Varble does not dispute the timeline, but he made an argument for equitable tolling, which the Magistrate Judge denied.

Mr. Varble's first objection to the R&R is that the attorney who filed the Rule 37 motion in state court did a poor job countering the state's arguments and, after the motion was denied, failed to appropriately advise Mr. Varble that he had the right to appeal. The R&R addresses this argument and explains that if Mr. Varble believed he received ineffective assistance on his Rule 37 motion, his recourse was to file a new Rule 37 motion—which he admittedly did not do. *See* Doc. 12, p. 10.

Mr. Varble suggests that other facts might exist to support a claim for equitable tolling; however, he admits he has not yet identified those facts. Instead, he seeks leave to supply the specifics at a later date.  Categorically, he says the grounds will include: "(1) when he learned the first Rule 37 petition had been denied; (2) what counsel told him

about amendment and appeal; (3) when counsel ceased communicating or providing the file; (4) his efforts to obtain the state court record and seek assistance; (5) any documented legal-mail failures; and (6) the dates on which he obtained the evidence and information necessary to prepare the federal petition." (Doc. 17, p. 2).

Certainly, Mr. Varble could have provided those details in support of equitable tolling before now. After all, it has been ten months since Defendants responded to his Petition and it became ripe for ruling. However, setting aside the lateness issue, the Court finds it would be futile to permit Mr. Varble more time to file evidence to support his tolling argument, because none of his proposed grounds are cognizable. *See id.* For example, he intends to rely on his *pro se* status, lack of legal knowledge or legal resources, and/or confusion about the federal limitations period or state post-conviction law to prove his entitlement to tolling. None of these reasons justify tolling. *See* Doc. 12, p. 4 (citing cases).

Next, Mr. Varble argues that he is actually innocent of all charges to which he pleaded guilty. He is correct that proof of actual innocence can surmount the one-year jurisdictional bar on filing habeas petitions. However, that is a difficult bar to chin.  To do so, Mr. Varble must point to new, reliable evidence that was not available at trial, and a likelihood that no reasonable juror would have convicted him in light of that new evidence. *See id.* at p. 6 (citing cases). The "new evidence" Mr. Varble cites consists of text messages that supposedly indicate the child victims now recant their accusations. *See id.* at p. 7 (citing to the text messages in the record). The R&R explains why, even if these text messages qualify as recantation, such testimony is "viewed with great suspicion." *Id.* (citing relevant caselaw). Though Mr. Varble claims that, if given the opportunity, he could

provide "sworn statements from the participants," *he does not have such evidence*, and the likelihood of him acquiring such is nonexistent. (Doc. 17, p. 3). Furthermore, he lacks new evidence to challenge his other fifteen convictions for distributing, possessing, or viewing child sexual abuse material. Instead, he asks again for an opportunity to find new evidence. *See id.* The Court rejects Mr. Varble's actual-innocence argument and finds that his § 2254 Petition is time-barred for the reasons stated in the R&R.

IT IS THEREFORE ORDERED that the objections to the R&R are **OVERRULED**, and the R&R is **ADOPTED IN ITS ENTIRETY**. The case is **DISMISSED**.

IT IS SO ORDERED on this 13th day of August, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE